**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**PAUL SMITH,**

                              **Plaintiff,**

   vs.                                                     9:12-cv-01152
                                                                        (MAD/RFT)

**G. WILSON, Nurse; OFFICER DUMAS, Correction
Officer; LIRA, Deputy of Programs,**

                              **Defendants.**
_____

**APPEARANCES:**                               **OF COUNSEL:**

**PAUL SMITH**
00-A-2268
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**        **DOUGLAS J. GOGLIA, AAG**
**STATE ATTORNEY GENERAL**        Assistant Attorney General
Albany Office
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

On July 9, 2012, *pro se* Plaintiff Paul Smith commenced this action pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), alleging deprivation of his civil rights under the United States Constitution. Plaintiff's complaint alleges that Defendants refused to grant him a reasonable accommodation for his disability while he was an inmate in the custody of the Department of Corrections and Community Supervision

("DOCCS").

Currently before the Court is Defendants' Motion for Summary Judgment *in lieu* of Answering Plaintiff's Complaint, which seeks the dismissal of Plaintiff's claims due to Plaintiff's alleged failure to exhaust his administrative remedies, and on the merits for Plaintiff's failure to plead or prove his claims. Defendants also argued that they are entitled to the defense of qualified immunity. *See* Dkt. No. 20-3.

In a September 11, 2013 Report and Recommendation, Magistrate Judge Randolph F. Treece recommended that Defendants' motion be granted in its entirety. *See* Dkt. No. 24. Specifically, Magistrate Judge Treece found that it would be well within the court's discretion to recommend dismissal of this action based upon Plaintiff's failure to prosecute this matter and his apparent abandonment of his claims. Plaintiff has not responded to Defendants' motion, or any other correspondence from this Court since October 22, 2012. *See id.* at 3-4. Nevertheless, Magistrate Judge Treece analyzed Defendants' motion on the merits and, affording Plaintiff the liberal standard owed to *pro se* litigants, recommended that Plaintiff's complaint be dismissed. *See id.* at 6-18.

First, Magistrate Judge Treece recommended dismissal of Plaintiff's ADA claim because "Defendants have produced sufficient documentary and testimonial evidence to meet their burden of establishing the absence of any genuine issue of material fact as to two of the three elements of Plaintiff's ADA claim." *See id.* at 9. Magistrate Judge Treece next recommended that the Court grant Defendants' motion for summary judgment on Plaintiff's Eighth Amendment cruel and unusual punishment claims since Plaintiff's claims could not be maintained in light of Defendants' uncontroverted evidence in support of their motion. *See id.* at 16. As to Plaintiff's First Amendment claim, the report-recommendation found that Plaintiff's conclusory allegations

failed to specify any facts regarding this claim and, therefore, were insufficient as a matter of law. *See id.* at 19.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 08-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen (14) days within which to file objections to Magistrate Judge Treece's Report and Recommendation. *See* Dkt. No. 24 at 18 (warning that "**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**" (citations omitted) (emphasis in original)). Neither Plaintiff nor Defendants filed any objections within the prescribed time period. Accordingly, the Court will review Magistrate Judge Treece's Report and Recommendation for clear error.

Having carefully reviewed the September 11, 2013 Report and Recommendation and the applicable law, the Court finds that Magistrate Judge Treece correctly recommended that the Court should grant Defendants' motion seeking summary judgment and dismissal of all claims. Magistrate Judge Treece properly determined that Plaintiff had failed to respond to Defendants' motion after repeated attempts by this Court to warn him of the consequences of such failure. Moreover, Magistrate Judge Treece's analysis of the merits of Defendants' motion, giving special solicitude afforded to *pro se* litigants, appropriately recommended that this case be dismissed.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Treece's September 11, 2013 Report and Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 20) is GRANTED in its entirety; and the Court further

**ORDERS** that this case is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: September 30, 2013
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge